**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


DARIUS RUSH,

                Plaintiff,               Case Number: 2:24-cv-12169
                                            Honorable Brandy R. McMillion

v.

DEPARTMENT OF TREASURY,

                Defendant.

_____/

## OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE

Before the Court is Plaintiff Darius Rush's ("Rush") Complaint filed under 42 U.S.C. § 1983.  For the reasons below, the Complaint is **DISMISSED WITH PREJUDICE**.

On August 19, 2024, Rush filed a *pro se* civil rights complaint.  ECF No. 1. He also filed an application to proceed without prepayment of the filing fee.  ECF No. 2.  A prisoner seeking leave to proceed *in forma pauperis* must "submit a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . ."  28 U.S.C. § 1915(a)(2). Because Rush failed to submit a certified trust fund account statement, the Court ordered him to do so within 30 days and cautioned that failure to correct the deficiency would result in dismissal of the case without prejudice.  ECF No. 4.

In response to the deficiency order, Rush filed a motion to compel the Michigan Department of Corrections to provide a certified trust fund account statement.  ECF No. 5.  He claimed that prison officials failed to respond to multiple requests for an account statement.  *Id.*  Though the Court denied the motion without prejudice because Rush's allegation was unsupported and conclusory, it extended the time for Rush to correct the filing deficiency.  ECF No. 6.  The Court gave Rush an additional 30 days to correct the deficiency by filing a certified trust fund account statement or, alternatively, by providing detailed information regarding his attempt(s) to secure a certified trust fund account statement.  *Id.*  The Court again cautioned Rush that failure to correct the deficiency would result in dismissal of the complaint without prejudice.  *Id.*

Rush has not responded to the Court's order and the time for doing so has expired.

Accordingly, the Complaint is **DISMISSED WITHOUT PREJUDICE**. Rush may file a new civil rights complaint under a new case number provided he pays the filing and administrative fees or files the necessary documentation to proceed without prepayment of fees.

**IT IS SO ORDERED**.

Dated: December 12, 2024                    s/Brandy R. McMillion
    Detroit, Michigan                    BRANDY R. MCMILLION
                                   United States District Judge